20601.   GOODWIN *v.* THE STATE.

BROYLES, C. J.   1. The defendant's conviction did not depend wholly on circumstantial evidence. Therefore the court's failure to instruct the jury upon the law of circumstantial evidence was not error, in the absence of an appropriate request for such instructions.

2. Under repeated decisions of the Supreme Court and of this court, the failure of the trial court to define the law of reasonable doubt to the jury is not error, especially when there was no written request for such a definition.

3. Under the facts of the case, the ground of the motion for a new trial, complaining that the court in its charge misstated the contentions of the defendant, is without merit. The prosecuting witness swore positively that the defendant cut him, and the defendant in his statement to the jury denied doing the cutting. That defense was raised by the defendant's statement, and the court's failure to charge thereon was not error, in the absence of an appropriate written request.

4. Special ground 6 of the motion for a new trial, complaining of the admission of certain testimony, raises no question for the consideration of this court, since the ground fails to set forth the testimony, and fails to state that the testimony was objected to by the defendant.

5. Under numerous rulings of the Supreme Court and of this court, the failure to charge on the law of impeachment of witnesses is not error, where no written request for such a charge was presented to the judge.

6. The remaining special ground of the motion for a new trial is expressly abandoned in the brief of counsel for the plaintiff in error.

7. The verdict was authorized by the evidence.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 15, 1930.

*Thomas L. Hill, Minor Dempsey,* for plaintiff in error.
*George Hains, solicitor-general, John M. Graham,* contra.

